# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 24, 1939

Honorable K. D. Hall
County Attorney
Refugio, Texas

Overruled by O-4446

Dear Sir:

Opinion No. O-655
Re: Whether Board of Trustees or
Commissioners' Court should
canvass returns in elections
for trustees in common school
districts and in independent
school districts having less
than 500 scholastics, and what
authority should issue commis-
sions to the trustees elected.

We are in receipt of your letter of March 28, 1939,
wherein you request our opinion in response to the following
questions:

1. What body should canvass the returns and declare
the results of elections for trustees in common school dis-
tricts?

2. In independent districts of less than five hun-
dred scholastics?

3. Who should issue commissions to trustees elected
in common school districts?

4. In independent school districts of less than
five hundred scholastics?

Article 2745, Revised Civil Statutes, provides for an
election to be held on the first Saturday in April of each
year for the selection of trustees for common school districts.

Article 2746, Revised Civil Statutes, provides that
"said trustees may appoint three persons for each voting box

206

of the district, who shall be qualified voters of the district and who shall hold such election and make returns thereof to said trustees within five days after such election." After making further provisions relative to the conduct of the election, the Article then provides that "said board of trustees shall meet and canvass the returns of said election within five days after returns have been made, and declare the result of said election and issue to the persons so elected their commissions as such trustees and shall notify the county judge or the county superintendent, if the county has a superintendent."

Article 2746a, Revised Civil Statutes as amended in 1935, reads as follows:

"All of the ballots for the election of a school trustee in common school districts and in independent school districts having fewer than five hundred (500) scholastics as shown by the last preceding schoastic census roll approved by the State Department of Education and exclusive of transfers shall be printed with black ink on clear white paper, of sufficient thickness to prevent the marks thereon being seen through the paper, and be of uniform style and dimension; at the top of the ballot there shall be printed 'Official Ballot, _____ Independent School District', the number or name of the school district in which the election is to be held to be filled in by the judge of the county when he orders the ballots printed. Any person desiring to have his name placed on said official ballot, as a candidate for the office of trustee of a common school district or of an independent school district as herein provided shall, at least ten days before said election, file a written request with the county judge of the county in which said district is located, requesting that his name be placed on the official ballot, and no candidate shall have his name printed on said ballot unless he has complied with the provisions of this Act; provided that five or more resident qualified voters in the district may request that certain names be printed. The county judge, upon receipt of such written request, and at least five days before the election, shall have the ballots printed as provided in this Act, placing on



the ballot the name of each candidate who has
complied with the terms of this Act, and de-
liver a sufficient number of printed  ballots
and amount of supplies necessary for such
election to the presiding officer of the elec-
tion at least one day before said election is
to be held, said election supplies, ballots,
boxes, and tally sheets to be delivered by the
county judge by mail or in any other manner by
him deemed best, to the presiding officer of said
election in sealed envelopes which shall not be
opened by the election officer until the day of
the election.  The expenses of printing the bal-
lots and delivering same to the presiding officer,
together with other expenses incidental to said
election shall be paid out of the available main-
tenance funds belonging to the school district in
which said election is held, or to be held.  The
officers of said election shall be required to
use the ballots so furnished by the county judge
as provided herein.  The election officers shall
make returns of said election to the county
judge and certify the result in the same manner as
is now required by law, and said ballot boxes which
shall have been furnished by local school offi-
cials shall be sent to the county judge and said
election returns shall be canvassed by the Com-
missioners' Court and together with ballot boxes
shall be safely preserved for a period of three
months next after the date of the election."

Article 2776 Revised Civil Statutes regulates general-
ly elections for independent school districts.  It provides for
returns to be canvassed by the board of trustees of the dis-
trict in which the election is held.  No express amendment has
been made to that statute since 1915.

Article 2746a was enacted substantially in its pre-
sent form in 1925.  Chapter 128 page 329 General Laws of Texas,
Thirty-ninth Legislature.  There was an amendment thereto by
the Forty-fourth Legislature in 1935 but the amendment did not
touch upon the question with which we are here concerned.  As
noted above, Article 2746a provides for election returns to be
canvassed by the Commissioners' Court.  In respect to the body
which should canvass the returns, declare the results and is-
sue certificates of election, Article 2746a superseded Article
2776 as to independent school districts having a scholastic
population of less than five hundred, as shown by the last
preceding scholastic census roll approved by the State Depart-

ment of Education. It was expressly held in the case of Thomas v. McGown, 94 S. W. (2d) 839, that an election in an independent school district having less than five hundred scholastics was not completed until the returns had been canvassed by the Commissioners' Court, as provided in Article 2746a.

Our answer to your second and fourth questions therefore is that the Commissioners' Court of the county in which an election is held in an independent school district of less than five hundred scholastics is the body which should canvass the returns, declare the result, and issue commissions to trustees elected.

There has not been a great deal of change in the reading of Article 2746 since its original enactment. It appeared as Article 2819 and 2820 in the complete Texas statutes of 1920. That article relates to elections in common school districts. While Article 2746a related to all common school districts, it will be noted that the same did not cover all of the field occupied by Article 2746. The last mentioned Article provided for the appointment of persons to hold the elections, for notice of elections, and for the fixing of the place thereof. Therefore, it is apparent that 2746a did not repeal Article 2746 in whole. It is probable, however, that Article 2746a did supersede Article 2746 as pertains to the body which should canvass returns and declare the results of such elections until the amendment and re-enactment of Article 2746 in 1937. In that year Article 2746 was amended in certain respects, and was substantially re-enacted. Such statute as re-enacted provides that the board of trustees shall canvass the returns of such elections and declare the results thereof and issue commissions to the trustees elected.

A new enactment abrogates any former act on the same subject with which it clearly and manifestly conflicts to the extent of the inconsistency or repugnancy between the two. Whittenberg v. Craven, 258 S. W. 152; St. Louis B. & M.L. Co. v. Maicofich, 221 S. W. 582; 30 Tex. Jur. p. 137. Article 2746 having been re-enacted in 1937, subsequent to the passage of Article 2746a, had the effect of superseding Article 2746a, so far as common school districts are concerned in respect to the body which shall canvass the returns, declare the results and issue commissions.

Our answer to your first and third questions, therefore, is that the board of trustees of the common school district in which the election is held is the proper body to canvass the returns, declare the results and issue commissions to the persons

elected.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (Signed)

Glenn R. Lewis
Assistant

GRL:MR

APPROVED:
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS